IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

AMMIEL CORNISH,

    Plaintiff,                    No. CIV S-10-0230 DAD P

    vs.

SACRAMENTO POLICE DEP'T, et al.,

    Defendants.          ORDER

_____/

        Plaintiff, a state prisoner proceeding pro se, has filed a civil rights action pursuant to 42 U.S.C. § 1983. Although plaintiff filed an application to proceed in forma pauperis, plaintiff has submitted a notice of change of address and the application is no longer current. Therefore, plaintiff will be granted thirty days to submit a new application to proceed in forma pauperis. The certificate portion of the application must be completed by an authorized officer and plaintiff must submit a certified copy of his prison trust account statement.

        The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

/////

1

granted, or that seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1) & (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). However, in order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic, 550 U.S. at 555. In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint. See Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976). The court must also construe the pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor. See Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

In his complaint, plaintiff alleges as follows. He was bitten by two K-9 dogs while he was surrendering to the police. Defendant officer Harshbarger of the Sacramento Police Department handcuffed plaintiff's hands and feet and told the fire department's medical personnel that the dog bites could be cleaned but that plaintiff needed to be taken in for questioning. Plaintiff's wounds were cleaned but plaintiff contends that he did not receive medical treatment despite the fact that he was in pain. At some unspecified time while plaintiff

was at the jail, he was rushed to the hospital for surgery and even eighteen months since his injury, he continues to suffer "bad pain." (Compl. at 4.[1])  Plaintiff names officer Harshbarger and the Sacramento Police Department as defendants.

The allegations in plaintiff's complaint are so vague and conclusory that the court is unable to determine plaintiff's claims for relief; therefore, the complaint will be dismissed and plaintiff will granted leave to file an amended complaint.  As to defendant Harshbarger, plaintiff must clarify if he is raising solely an excessive use force claim and, if not, to identify his other claims.  Plaintiff is also advised that for a Fourth Amendment excessive use of force claim in connection with his arrest, he must provide allegations concerning the nature of the crime for which he was arrested, whether defendant Harshbarger ordered the K-9 dogs to attack plaintiff, whether plaintiff received any warnings before he was attacked, and whether plaintiff was resisting arrest or attempting to evade arrest when he was bitten.  See Graham v. Connor, 490 U.S. 386, 396 (1989).  If plaintiff is also attempting to proceed with a claim that he was provided inadequate medical care, he must provide further factual allegations about what medical care he required, how any delay in obtaining medical treatment was harmful, what medical procedures he underwent when he had surgery, and specific allegations concerning the involvement of each named defendant in the denial of adequate medical care.  Plaintiff is advised that he must also allege facts showing that each of the named defendants was subjectively aware of his serious medical condition and failed adequately to respond to that need.  See Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1017-18 (9th Cir. 2010).

Plaintiff is also advised that the Sacramento Police Department is not a proper defendant in a § 1983 action.  Although municipalities, such as cities and counties, are amenable to suit under Monell v. Dept. of Social Servs., 436 U.S. 658 690-91 & n. 54 (1978), sub-departments or bureaus of municipalities, such as the Sacramento Police Department, are not

---

[1] All citations to page numbers are to the pages as they appear in the court's electronic filing system.

1  generally considered "persons" within the meaning of § 1983.  <u>Hervey v. Estes</u>, 65 F.3d 784, 791
2  (9th Cir.1995); <u>see also</u> <u>United States v. Kama</u>, 394 F.3d 1236, 1240 (9th Cir. 2005) (Ferguson,
3  J., concurring); <u>Pellum v. Fresno Police Dept.</u>, No. 1:10-cv-01258-OWW-SKO, 2010 WL
4  3516346, at * 2 (E.D. Cal., Sept. 2, 2010) (holding that Fresno Police Department is not a proper
5  defendant in a § 1983 action because it is a sub-division of the City of Fresno).  Therefore,
6  plaintiff should not name the Sacramento Police Department as a defendant in any amended
7  complaint he may elect to file.

8  Finally, plaintiff is informed that the court cannot refer to a prior pleading in order
9  to make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended
10 complaint be complete in itself without reference to any prior pleading.  This is because, as a
11 general rule, an amended complaint supersedes the original complaint.  See <u>Loux v. Rhay</u>, 375
12 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no
13 longer serves any function in the case.  Therefore, in an amended complaint, as in an original
14 complaint, each claim and the involvement of each defendant must be sufficiently alleged.

15 Accordingly, IT IS HEREBY ORDERED that:

16 1. Plaintiff's January 28, 2010 application to proceed in forma pauperis (Doc. No.
17 2) is denied without prejudice;

18 2. Plaintiff shall submit, within thirty days from the service of this order, a new
19 application to proceed in forma pauperis on the form provided with this order;

20 3. Plaintiff's complaint, filed on January 28, 2010, is dismissed;

21 4. Within thirty days from the service of this order, plaintiff shall file an amended
22 complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil
23 Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number
24 assigned to this case and must be labeled "Amended Complaint"; plaintiff must use the form
25 complaint provided by the Clerk of the Court and answer each question;

26 /////

5. The Clerk of the Court is directed to send plaintiff an Application to Proceed In Forma Pauperis By a Prisoner and the form complaint for a section 1983 action; and

6. Plaintiff's failure to comply with this order will result in the dismissal of this action.

DATED: September 17, 2010.

/s/ Dale A. Drozd
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:4
corn0230.14