IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

AMMIEL CORNISH,

    Plaintiff,                      No.  2:10-cv-00230-DAD P

    vs.

HARSHBAGER,                         ORDER

    Defendant.
_____/

        Plaintiff, a former inmate at the Sacramento County Jail and currently incarcerated at the La Palma Correctional Center in Eloy, Arizona, is proceeding pro se with a civil rights action filed on January 28, 2010, pursuant to 42 U.S.C. § 1983.

        On March 7, 2012, defendant Harshbager filed a motion for summary judgment.[1] Plaintiff filed no opposition to the motion. (Doc. No. 26.) On June 20, 2011, and again on April 17, 2012, plaintiff was advised that failure to file an opposition to a motion for summary judgment would be deemed a waiver of opposition to the motion. (Doc. Nos. 16 & 27.) In the

---

[1] On April 29, 2011, the court issued an order advising plaintiff that his amended complaint appeared to state a cognizable claim for relief only as to defendant Harshbager. (Dkt. No. 9.) Plaintiff was also once again advised in that order that defendant Sacramento County Sheriff's Department was not a proper named defendant and that the court would not order service of process on that entity. (Id. at 2.)

1

April 17, 2012 order, the court provided plaintiff with additional time to file his opposition and ordered plaintiff to show cause why sanctions should not be imposed for his failure to file a timely opposition to defendant's motion for summary judgment. Plaintiff was also advised that failure to respond to the court's order may result in a recommendation that this action be dismissed. Nonetheless, no opposition or response to defendant's motion has been filed by plaintiff.

Although the court's orders mentioned above have been served on plaintiff at his address of record, the court has discovered that defendant's motion for summary judgment was not properly served on plaintiff. In this regard, defendant's proof of service indicates that his summary judgment motion was served on plaintiff at the Florence Correctional Center in Florence, Arizona, rather than at the La Palma Correctional Center where plaintiff has been incarcerated since June 24, 2011. (See Doc. No. 18.) Although plaintiff has never informed the defendant or the court that he did not receive the motion for summary judgment, defendant's motion was not properly served upon him. Therefore, the court will deny defendant's motion for summary judgment at this time without prejudice and grant defendant leave to re-file his motion with a proof of service showing service on plaintiff at his address of record. In addition, with the re-filed motion for summary judgment, defendant is directed to provide plaintiff with the notice required by Woods v. Carey, 684 F.3d 934 (9th Cir. 2012) and Rand v. Rowland, 154 F.3d 952, 957 (9th Cir. 1998), which is attached to this order. Plaintiff is advised to refer to the court's April 17, 2012 order which sets forth the consequences for failing to file an opposition to a motion for summary judgment.

Finally, court records indicate that on February 11, 2010, plaintiff filed the form concerning consent to U.S. Magistrate Judge jurisdiction over this action pursuant to 28 U.S.C. § 636(c). However, plaintiff failed to check either the box consenting to or declining consent to allow the Magistrate Judge to conduct all further proceedings in this action, while merely signing and dating the form in both sections. Because it is unclear how plaintiff wishes to proceed, the

court will order plaintiff to file the form again and either consent or decline consent to Magistrate Judge jurisdiction.

Accordingly, IT IS HEREBY ORDERED that:

1. Defendant's March 7, 2012 motion for summary judgment (Doc. No. 26) is denied without prejudice to its renewal with service upon plaintiff at his address of record;

2. Within fourteen days from the service of this order, defendant may re-file his motion for summary judgment and include a proof of service showing service on plaintiff's address of record and service of the notice required by Woods v. Carey, 684 F.3d 934 (9th Cir. 2012) and Rand v. Rowland, 154 F.3d 952, 957 (9th Cir. 1998), attached hereto;

3. Within thirty days from the re-filing of defendant's motion for summary judgment, plaintiff is ordered to file an opposition; plaintiff is advised to refer to the court's April 17, 2012 order concerning the consequences for failing to file an opposition or statement of non-opposition to the motion for summary judgment; and

4. The Clerk of the Court is directed to serve plaintiff with the court's order regarding consent to Magistrate Judge jurisdiction or request for reassignment.

DATED: December 14, 2012.

DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:4
corn230.refile

**Rand Notice to Plaintiff**

      This notice is provided to ensure that you, a pro se prisoner plaintiff, "have fair, timely and adequate notice of what is required" to oppose a motion for summary judgment. See Woods v. Carey, 684 F.3d 934 (9th Cir. 2012); Rand v. Rowland, 154 F.3d 952, 957 (9th Cir. 1998). The court requires that you be provided with this notice regarding the requirements for opposing a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure.

      When a defendant moves for summary judgment, the defendant is requesting that the court grant judgment in defendant's favor without a trial. If there is no real dispute about any fact that would affect the result of your case, the defendant who asked for summary judgment is entitled to judgment as a matter of law, which will end your case against that defendant. A motion for summary judgment will set forth the facts that the defendant asserts are not reasonably subject to dispute and that entitle the defendant to judgment.

      To oppose a motion for summary judgment, you must show proof of your claims. To do this, you may refer to specific statements made in your complaint if you signed your complaint under penalty of perjury and if your complaint shows that you have personal knowledge of the matters stated. You may also submit declarations setting forth the facts that you believe prove your claims, as long as the person who signs the declaration has personal knowledge of the facts stated. You may also submit all or part of deposition transcripts, answers to interrogatories, admissions, and other authenticated documents. For each of the facts listed in the defendant's Statement of Undisputed Facts, you must admit the facts that are undisputed, and deny the facts that are disputed. If you deny a fact, you must cite to the proof that you rely on to support your denial. See L.R. 260(b). If you fail to contradict the defendant's evidence with your own evidence, the court may accept the defendant's evidence as the truth and grant the motion.

      The court will consider a request to postpone consideration of the defendant's motion if you submit a declaration showing that for a specific reason you cannot present such facts in your opposition. If you do not respond to the motion, the court may consider your failure to act as a waiver of your opposition. See L.R. 230(l).

      If the court grants the defendant's motion, whether opposed or unopposed, judgment will be entered for that defendant without a trial and the case will be closed as to that defendant.