1

2

3

4

5

6

7

8              IN THE UNITED STATES DISTRICT COURT

9            FOR THE EASTERN DISTRICT OF CALIFORNIA

10  AMMIEL CORNISH,

11          Plaintiff,                No. 2:10-cv-00230 DAD P

12      vs.

13  HARSHBAGER,

14          Defendant.                <u>ORDER</u>

15  _____/

16          Plaintiff, a former inmate at the Sacramento County Jail and currently incarcerated

17  at the La Palma Correctional Center in Elroy, Arizona, is proceeding pro se with a civil rights

18  action pursuant to 42 U.S.C. § 1983.  Plaintiff has consented to Magistrate Judge jurisdiction in

19  this action pursuant to 28 U.S.C. § 636(c).  (<u>See</u> Dkt. No. 32.)

20          On December 18, 2012, defendant Harshbager re-filed a motion for summary

21  judgment.[1]  Pursuant to the court's December 17, 2012 order, plaintiff's response to the motion

22

23          [1]  Defendant's first motion for summary judgment was filed on March 7, 2012.  The court
    determined that the motion was not served on plaintiff at his address of record and that although
24  plaintiff was ordered by the court to file an opposition to the motion, plaintiff failed to do so or to
    respond to the court's order.  (<u>See</u> Dkt. No. 29.)  Because of the improper service, that first
25  motion for summary judgment was denied without prejudice and defendant was granted leave to
    re-file the motion with a proof of service reflecting service on plaintiff at his address of record.
26  <u>Id.</u>

for summary judgment was due thirty days thereafter.  To date, plaintiff has not filed an opposition to the motion.  On June 20, 2011 and again on with defendant's re-filed motion for summary judgment, plaintiff was advised of the requirements with respect to opposing a summary judgment motion.  In the court's June 20, 2011 and April 17, 2012 orders, plaintiff was also advised that his failure to file opposition to such a motion might be deemed a waiver of opposition to the motion.

"Pursuant to Federal Rule of Civil Procedure 41(b), the district court may dismiss an action for failure to comply with any order of the court."  Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992).  "In determining whether to dismiss a case for failure to comply with a court order the district court must weigh five factors including:  '(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives.'"  Ferdik, 963 F.2d at 1260-61 (quoting Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986)); see also Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995) (per curiam).

The court has considered the five factors set forth in Ferdik.  The first two factors strongly support dismissal of this action.  The action has now been pending before the court for over two years and has reached the stage, set by the court's August 24, 2011 scheduling order, for resolution of dispositive motions, and, if necessary, preparation for pretrial conference and jury trial.  (See Dkt. No. 22.)  Consideration of the fifth Ferdik factor also favors dismissal.  The court has advised plaintiff of the Local Rules and plaintiff has now had over thirty days to file a response to the motion for summary judgment.  The court finds no suitable alternative to dismissal of this action.

Under the circumstances of this case, the third factor, prejudice to defendant due to plaintiff's failure to oppose the motion, should be given little weight.  Plaintiff's failure to oppose the motion does not put defendant at any disadvantage in this action.  See Ferdik, 963

2

F.2d at 1262.  The defendant would only be "disadvantaged" by a decision by the court to continue with this action where plaintiff has failed to file an opposition to defendant's motion for summary judgment.

The fourth factor, public policy favoring disposition of cases on their merits, weighs against dismissal of this action as a sanction.  However, for the reasons set forth above, the first, second and fifth factors strongly support dismissal and the third factor does not mitigate against it.  Under the circumstances of this case, those factors outweigh the general public policy favoring disposition of cases on their merits.

Accordingly, IT IS HEREBY ORDERED that this action be dismissed pursuant to Rule 41(b) of the Federal Rule of Civil Procedure due to plaintiff's failure to comply with the court's orders.

DATED: January 28, 2013.

DAD:4
corn230.41b

Dale A. Drozd
_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

3